UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.,<br><br>            Plaintiff,<br><br>  vs.<br><br>JON ERICKSON,<br><br>            Defendant. | Case No. 3:24-cv-05664<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

COMES NOW National Union Fire Insurance Company of Pittsburgh, PA. ("National Union") and for its complaint against Jon Erickson alleges as follows:

## I.     PARTIES

1.     National Union is an insurance company organized under the laws of the State of Pennsylvania, with its principal place of business in the State of New York.

2.     Erickson is an individual who, on information and belief, has resided in Clark County, Washington throughout the relevant time period. Upon information and belief Erickson currently resides in Oregon.

## II.     JURISDICTION AND VENUE

3.     This is an action for a declaratory judgment pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, *et seq.* to resolve an actual case or controversy that exists between the parties.

COMPLAINT FOR DECLARATORY
JUDGMENT - 1
Case No. 3:24-cv-05664

**JENSEN MORSE BAKER PLLC**
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

4.	This Court has jurisdiction under 28 U.S.C. § 1332(a). The parties are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.	This Court has personal jurisdiction over Erickson because he engaged in the conduct alleged in the lawsuit captioned *Elijah Page v. Jon Erickson, et al*, Western District of Washington Case No. 3:23-cv-05849-DGE (the "Page Lawsuit") in Washington while living and employed by Clark County; sought coverage for the Page Lawsuit under an insurance policy issued by National Union in Washington to the Clark County Fire Rescue Risk Management Group, Inc. ("Clark County") based on a contention that he was covered as an employee of Clark County; and accepted and continues to receive a defense from National Union under a reservation of rights in the Page Lawsuit, which is proceeding in the Western District of Washington, by attorneys licensed and located in Washington.

6.	Venue is proper pursuant to 28 U.S.C. § 1391 because Erickson lives in Clark County, Washington.

### III.  FACTS

**A.	The Policy**

7.	National Union issued Policy No. VFNU-TR-0026445-02/000 (the "Policy") to Clark County. A copy of the Policy is attached hereto as Exhibit 1.

8.	The policy period is November 1, 2022 through November 1, 2023.

9.	The Policy has three liability coverage parts: general liability; management liability; and commercial excess liability.

**B.	The Underlying Complaint**

10.	The Page Lawsuit was filed on September 20, 2023. A copy of the complaint filed in the Page Lawsuit (the "Complaint") is attached hereto as Exhibit 2.

11.	Paragraph 1.1 of the Complaint alleges, "Elijah Page, a black male and former sheriff's deputy, transitioned from law enforcement to a firefighter position at Clark County Fire District 6 (CCFD6) in April 2022. His time at CCFD6 was marred by racial discrimination in

COMPLAINT FOR DECLARATORY
JUDGMENT - 2
Case No. 3:24-cv-05664

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

June when a white recruit, Jon Erickson, assaulted Page by placing a noose around his neck and simulated a lynching."

12. Paragraph 2.7 of the Complaint alleges that Erickson was an employee of Clark County when he assaulted Page.

13. Paragraph 4.29 alleges that the assault occurred in early June, 2022.

14. Paragraph 20.2 and 21.1 of the Complaint allege that Erickson was acting within the scope of his employment with Clark County when he assaulted Page.

**C.    The Insurance Claim**

15. Erickson tendered defense of the Page Lawsuit to National Union.

16. National Union agreed to defend Erickson under the management liability coverage part pursuant to a reservation of rights. A copy of the reservation of rights letter, dated October 26, 2023, is attached hereto as Exhibit 3.

17. As noted in the reservation of rights letter, the Policy includes the following provision regarding the coverage available to employees of Clark County: "In addition to [Clark County], each of the following is also an insured…Volunteers and employees…but only for acts within the course and scope of their employment by [Clark County]…or authorized duties on [Clark County's] behalf."

18. Accordingly, the reservation of rights letter states, "National Union reserves the right to limit, deny or withdraw coverage on the basis that you do not qualify as an insured because your alleged acts do not appear to be within the scope and course of your employment or authorized duties."

19. The reservation of rights letter also reserves National Union's right to deny coverage for the additional reasons set forth therein.

20. National Union appointed defense counsel to represent Erickson, and continues to defend Erickson against the Lawsuit under the management liability coverage part pursuant to National Union's reservation of rights.

COMPLAINT FOR DECLARATORY
JUDGMENT - 3
Case No. 3:24-cv-05664

21. On August 12, 2024, National Union sent an updated reservation of rights letter to Erickson, which explicitly reserved its right to reimbursement for defense costs incurred on Erickson's behalf in the Lawsuit beginning the next day. A copy of the updated reservation of rights letter is attached as Exhibit 4.

D. **Erickson Acted Outside The Scope And Course Of His Employment When He Assaulted Page.**

22. On May 7, 2024, Judge Estudillo entered an order (the "Order") granting in part a motion to dismiss filed in the Page Lawsuit by Clark County. *See* Page Lawsuit, Dkt. 39, attached hereto as Exhibit 4. The Order ruled that Clark County could not be vicariously liable for Erickson's assault of Page because, "Erickson acted outside the scope of his employment" when he assaulted Page. *Id.* at 21.

23. On May 28, 2024, Judge Estudillo denied a motion asking him to reconsider the Order. *See* Page Lawsuit, Dkt. 45, attached hereto as Exhibit 5. In doing so, Judge Estudillo provided further detailed explaining why Erickson was acting outside the scope of his employment when he assaulted Page.

24. On July 2, 2024, Judge Estudillo denied a motion to certify the issue of whether Erickson was acting within the scope of his employment to the Washington Supreme Court. *See* Page Lawsuit, Dkt. 51, attached hereto as Exhibit 6. In doing so, Judge Estudillo again explained why Erickson was acting outside the scope of his employment when he assaulted Page.

E. **The Policy Does Not Cover Erickson For The Page Lawsuit.**

25. Pursuant to the Court's rulings in the Page Lawsuit, Erickson was acting outside the scope of his employment with Clark County when he assaulted page.

26. Erickson therefore does not qualify as an insured under the Policy with respect to the Page Lawsuit because his acts were not within the course and scope of his employment with Clark County.

27. Because Erickson does not qualify as insured, National Union has no duty to defend or indemnify Erickson with respect to the Page Lawsuit.

COMPLAINT FOR DECLARATORY JUDGMENT - 4
Case No. 3:24-cv-05664

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

28. The Page Lawsuit's allegations against Erickson are not covered by the Policy for additional reasons, including, but not limited to, the following:

- In relevant part, the general liability coverage part provides coverage only for "bodily injury" that occurs during the policy period. The general liability coverage part does not provide coverage to Erickson for the Page Lawsuit because the "bodily injury" allegedly incurred before the Policy incepted.

- In relevant part, the general liability coverage part only applies to "bodily injury" caused by an "occurrence", which the Policy defines as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The general liability coverage part does not provide coverage to Erickson for the Page Lawsuit because the "bodily injury" was allegedly caused by an intentional assault rather than an accident.

- Exclusion b. to the management liability coverage part applies to any "offense or 'wrongful act' which takes place prior to the inception date of this coverage part if the insured knew or reasonably should have foreseen that such offense or 'wrongful act' would give rise to a 'claim'". This exclusion applies because the assault took place in June 2022 and Erickson knew or should have reasonably foreseen that the assault would give rise to a "claim."

- Exclusion d. to the management liability coverage part applies to: "'Bodily injury', 'property damage', or 'personal and advertising injury' except when resulting from a covered 'employment practices' offense." This exclusion applies because plaintiff's claim for "bodily injury" did not result from a covered "employment practices" offense.

- The commercial excess liability coverage part does not provide coverage to Erickson for the Page Lawsuit because the general liability and management liability coverage parts do not provide coverage to Erickson for the Page Lawsuit.

COMPLAINT FOR DECLARATORY
JUDGMENT - 5
Case No. 3:24-cv-05664

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

29. The Policy includes an endorsement designated "Washington Changes – Defense Costs," which provides:

> The following is added to Paragraph **1.a. Insuring Agreement** of **Section I --- - Coverages** and applies to any other provision in the policy that sets forth a duty to defend:
>
> If we initially defend an insured or pay for an insured's defense but later determine that none of the claims, for which we provided a defense or defense costs, are covered under this insurance, we have the right to reimbursement for the defense costs we have incurred.
>
> The right to reimbursement under this provision will only apply to the costs we have incurred after we notify you in writing that there may not be coverage and that we are reserving our rights to terminate the defense or the payment of defense costs and to seek reimbursement for defense costs.

30. National Union notified Erickson in writing on August 12, 2024, that there may not be coverage, and that it reserved its right to terminate the defense of the payment of defense costs and to seek reimbursement for defense costs incurred on Erickson's behalf after that date.

## IV.   CAUSE OF ACTION FOR DECLARATORY RELIEF

31. National Union incorporates each and every allegation contained within ¶¶ 1 through 30 of its Complaint, as set forth above.

32. A case and controversy exists between the parties.

33. The Policy, by its express terms, conditions and exclusions, does not provide coverage to Erickson for the Page Lawsuit.

34. National Union is entitled to a declaratory judgment pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, *et seq*., providing that National Union has no duty to defend or indemnify Erickson with respect to the Page Lawsuit.

35. National Union is entitled to a declaratory judgment pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, *et seq*., providing that National Union may immediately withdraw from the defense of Erickson in the Page Lawsuit.

36. National Inion is entitled to a declaratory judgment pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, *et seq*., stating that Erickson is required to reimburse National Union for all defense costs incurred by National Union on Erickson's behalf after August 12, 2024.

COMPLAINT FOR DECLARATORY
JUDGMENT - 6
Case No. 3:24-cv-05664

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

## V. CAUSE OF ACTION FOR REIMBURSEMENT

37. National Union incorporates each and every allegation contained within ¶¶ 1 through 36 of its Complaint, as set forth above.

38. The Policy does not provide Erickson with coverage for the Lawsuit.

39. The Policy clearly and unambiguously provides National Union with a right to reimbursement for defense costs incurred on Erickson's behalf if it is ultimately determined that the Policy does not provide him with coverage for the Lawsuit.

40. National Union reserved its right to reimbursement of defense costs incurred after August 12, 2024.

41. National Union is therefore entitled to judgment against Erickson for reimbursement of defense costs in an amount to be proven at trial.

## VI. PRAYER FOR RELIEF

WHEREFORE, National Union prays for the following relief:

1. For a declaratory judgment stating that the Policy, by its express terms, conditions and exclusions, does not provide coverage to Erickson for the Page Lawsuit, and, for that reason, National Union has no duty to defend or indemnify Erickson with respect the Page Lawsuit;

2. For a declaratory judgment stating that, as of the date of judgment, National Union may immediately withdraw from the defense of Erickson in the Page Lawsuit;

3. For a declaratory judgment stating that Erickson is required to reimburse National Union for all defense costs incurred by National Union on Erickson's behalf on or after August 12, 2024;

4. A judgment that National Union is entitled to reimbursement from Erickson for defense costs incurred on his behalf after August 12, 2024;

5. For an award of costs and attorney's fees to the extent permitted by law; and

6. For such other and further relief as this Court deems just and proper.

///

///

COMPLAINT FOR DECLARATORY JUDGMENT - 7
Case No. 3:24-cv-05664

**JENSEN MORSE BAKER PLLC**
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

DATED: August 13, 2024.

JENSEN MORSE BAKER PLLC

By *s/ Gabriel Baker*
Gabriel Baker, WSBA No. 28473
Gabriel.baker@jmblawyers.com

By *s/ Benjamin J. Roesch*
Benjamin J. Roesch, WSBA No. 39960
Benjamin.roesch@jmblawyers.com
520 Pike Street; Suite 2375
Seattle, WA 98101

Attorneys for National Union Fire Insurance Company of Pittsburgh, PA.

COMPLAINT FOR DECLARATORY JUDGMENT - 8
Case No. 3:24-cv-05664

**JENSEN MORSE BAKER PLLC**
520 P‌IKE S‌TREET; S‌UITE 2375
S‌EATTLE, W‌ASHINGTON 98101
PHONE: 206.682.1550